# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0549, <u>Paul E. Hunt, Executor of the Estate of Lorraine V. Hunt v. Rachael Hunt & a.</u>, the court on June 20, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendant Rachael Hunt appeals an order of the Circuit Court (<u>Gordon</u>, J.) that a writ of possession shall be issued to the plaintiff, the Estate of Lorraine V. Hunt (estate). The defendant argues that the district division erred because its order: (1) conflicts with a prior order of the family division; (2) violates her homestead right; and (3) is not supported by sufficient evidence.

It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to demonstrate that she raised her issues in the trial court. <u>Id</u>. We conclude that the defendant has failed to show that she raised her issues in the trial court.

The defendant first argues that the district division's order conflicts with a prior order of the family division deferring, until the final divorce hearing, the issue of whether she and her son should be required to move from the mobile home. She asserts that she raised this issue in her request for an expedited hearing on the temporary use of the mobile home. However, the record shows that the defendant filed her request in her divorce case, not in this eviction case. The family division, in its October 13, 2017 order, addressed the issue by noting that at the August 3, 2017 hearing on the defendant's request for temporary orders in the divorce case, the parties and their counsel led the court to believe that the mobile home was owned by the defendant's husband and his sister-in-law. However, after reviewing the proceedings in the district division and probate division, the family division concluded that the estate was still open, and that although the defendant's husband was likely to receive assets and funds from the estate when it closed, he was not, in fact, a one-half owner of the mobile home; rather, the estate owned the mobile home. The family division also noted that, in light of this appeal, the eviction had been stayed. Because the mobile home was not an asset of the marital estate, and in view of the proceedings in the district division and probate division, the family division concluded that it had no jurisdiction to determine whether or when the defendant would need to move out of the mobile home.

The family division's October 13, 2017 order is beyond the scope of this appeal. To the extent that the defendant believed that the family division's order did not resolve the issue, and that the district division needed to provide further relief or clarification in the eviction case, the record shows that she failed to raise this issue or seek such relief in the district division. Accordingly, we conclude that the issue is not preserved. See Bean, 151 N.H. at 250 (court may consider party's failure to satisfy preservation requirements regardless of whether opposing party objects on those grounds).

The defendant next argues that the trial court's order violates her homestead right in the mobile home. Even assuming, without deciding, that the defendant has a homestead right in the mobile home, and that the issuance of a writ of possession would impair her homestead right, but see Pike v. Deutsche Bank Nat'l Trust Co., 168 N.H. 40, 46 (2015) (owner of homestead may petition to have homestead right set off), the defendant has failed to show that she raised this issue in the trial court. Accordingly, we conclude that the issue is not preserved. See Bean, 151 N.H. at 250.

Finally, the defendant argues that the factual basis for the trial court's order is legally insufficient. Specifically, she argues that, contrary to the court's finding, there was no court order to sell the mobile home. Rather, she asserts, there was a private agreement, of which she was not aware, to sell the property under terms that were not disclosed, and that the probate division merely "approved and ordered" that the parties carry out their private agreement. Although we are not persuaded that the trial court erred in finding that there was an order to sell the mobile home, the defendant has failed to show that she raised this issue in the trial court. Accordingly, we conclude that the issue is not preserved. See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**